The opinion of the court was delivered by
Rogers, J.
It has been ruled by the Chancellor of New York, (3 Johns. Ch. R. 190,) that no lapse of time is a bar to a direct trust, between the trustee and cestui que trust. Upon this principle, it has been decided that an administrator, being a trustee, cannot set up the act of limitations in bar of the next of kin, or person entitled to the distribution of the assets. The distinction is between a direct or express trust, and those eases where a person comes into possession in his own right, and is afterwards, by matter of evidence, or construction, changed into a trustee. T^e same Chancellor has also ruled, (in 7 Johns. Ch. R. 90,) that, as long as there is a continuing ahd subsisting trust, acknowledged or acted on by the parties, the statute of limitations does not apply. The application of these principles to the facts of the cause, will decide the question raised, on the defendant’s plea of the act of limitation. The money was not paid over to Johnston, nor received by him with the view of being used by him; but it was a deposit made for a particular and special purpose, on the express trust and understanding of all the parties, that he would transmit the money to Ireland, for the benefit, as I understand it, of the legal representatives of Charles Porter, who alone were entitled to receive it. There was a special confidence reposed in him, and, upon the receipt of the money, he becomes a trustee for the benefit of those who were legally entitled to the money. If this case be embraced within the act, when, it may be asked, does the statute begin to run? Surely not from the receipt of the money, but from the time there was some person in this country who had a right to demand payment, which was not until the 8th of September, 1819, when letters of administration were granted to Thomas Humphreys, and less than six years before the commencer ment of the suit. The case in 7 Johns. Ch. R. 90, establishes the principle, that it must cease to be a continuing and subsisting trust, otherwise the remedy is not barred by lapse of time. In *396 firmer that the statute of limitations may begin to run in the case of a trust, there must be an adverse holding of the money, of which I should presume those who aré interested should have notice. In the case under consideration there was no adverse holding. It was in the beginning an express trust. It remained a continued and subsisting one. It is a part of this case, that when a demand was made by the administrator, Johnston acknowledged the debt, and said he was making arrangements to send the money to Ireland. This conversation took place after the 8th of September, 1819, when the letters of administration were granted. The suit was brought to August Term, 1821. I do not, however, put the cause upon this acknowledgment, as taking it ou$ of the statute of limitations; but I consider the acknowledgment as plainly implying that Johnson himself viewed it as a continuing and subsisting trust, which brings it within the principle of the case of Thum v. Bloodgood, 7 Johns. Ch. R. 90.
Judgment affirmed.